# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ARTTIE PRICE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:16-CV-369 (MTT) |
| GEORGIA DEPARTMENT OF CORRECTIONS, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Price, a pro se prisoner, seeks relief against the Georgia Department of Corrections and employees of Wilcox State Prison: Antoine G. Caldwell, James C. Spann, Monica Wynn, and Jacqueline Ellis. Doc. 1 at 4; Docs. 11, 15-18. On screening under 28 U.S.C. § 1915A,[1] Magistrate Judge Charles Weigle identified the following claims under 42 U.S.C. § 1983:

- A due process claim against the Defendants for wrongfully classifying him as a sex offender;

- A wrongful-detention damages claim against the Defendants for failing to credit him with earned release credits (PIC credits);

- A First Amendment claim that the Defendants' failure to credit his earned release credits was in retaliation of protected conduct—his filing several civil actions against Caldwell;

- An access-to-court claim against the Defendants for failure to timely forward legal mail sent to him at Wilcox State Prison immediately following his transfer to his current place of confinement—Rutledge State Prison—thereby preventing him from obtaining needed discovery in his prosecution of a pending case in the Northern District of Georgia; and

---

[1] Because Price is a prisoner "seek[ing] redress from a[n] . . . officer or employee of a governmental entity," the Court is required to review his complaint and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b).

- State law claims against the Defendants for intentional infliction of emotional distress and false imprisonment.

As to these claims, the Magistrate Judge recommends that the Court:

- Dismiss all claims against Georgia Department of Corrections (GDC) because GDC is immune from suit under sovereign immunity and the Eleventh Amendment;
- Allow the sex-offender-classification due process claims to proceed against Caldwell, Spann, Wynn, and Ellis (the "Prison Officials");
- Dismiss the wrongful-detention damages claims because Price has not yet successfully challenged the propriety of his confinement in a habeas action;
- Allow a First Amendment retaliation claim to proceed against Warden Caldwell, but not Spann, Wynn, and Ellis, because Price has not alleged any protected activities against them or their role in his transfer;
- Dismiss the access-to-court claims because Price did not show that his pending Northern District action was nonfrivolous or that his inability to seek further discovery injured his prosecution of that action; and
- Allow the state law claims to proceed, noting the potential that these claims may be subject to dismissal on jurisdictional grounds should the Court dismiss Price's federal claims.

Price filed an objection. Doc. 25. Price "accepts all . . . Recommendations of the Court" save the Magistrate Judge's recommendation that the Court dismiss Price's access-to-court claim. *Id.* at 4. Price's objection regarding the access-to-court claim adds additional facts to address the deficiencies noted by the Magistrate Judge. The Court construes this portion of the objection as a motion to amend his complaint. *Newsome v. Chatham Cty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007). The Court **GRANTS** the motion to amend, and Price's access-to-court claim is allowed to proceed.[2] The Court has carefully reviewed the Recommendation, and accepts and

---

[2] The Supreme Court has categorized two types of recognized access-to-courts claims: forward-looking claims, where the opportunity to litigate "has not been lost for all time" and backward-looking claims that "cannot now be tried (or tried with all material evidence), no matter what official action may be in the future." *Christopher v. Harbury*, 536 U.S. 403, 413-14 (2002). Although it is unclear, it seems that Price is asserting a backwards-looking access-to-court claim. To state a backwards-looking claim, a plaintiff must show: (1) a nonfrivolous or arguable underlying claim; (2) official action that frustrated the litigation; and (3) "a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id.* at 415. An important aspect of the first two elements—frustration of a

adopts the findings, conclusions, and recommendations of the Magistrate Judge, subject to Price's amendment. The Recommendation (Doc. 19) is **ADOPTED as amended** and made the order of this Court. Accordingly,

- Price's claims against GDC are **DISMISSED without prejudice**;
- Price's wrongful-detention damages claims are **DISMISSED without prejudice**; and
- Price's First Amendment retaliation claims against Spann, Wynn, and Ellis are **DISMISSED without prejudice**.

Price's remaining claims are:

- Due process claims against the Prison Officials for wrongfully classifying Price as a sex offender;[3]
- A First Amendment retaliation claim against Caldwell for failing to credit Price with earned release credits in retaliation for Price filing civil actions against him;
- An access-to-court claim against the Prison Officials for holding his legal mail; and
- Georgia state law claims against the Prison Officials for intentional infliction of emotional distress and false imprisonment.

**SO ORDERED**, this 18th day of April, 2017.

                      S/ Marc T. Treadwell
                      MARC T. TREADWELL, JUDGE
                      UNITED STATES DISTRICT COURT

---

nonfrivolous claim—is also termed "actual injury." See *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996). Here, Price has outlined a nonfrivolous deliberate-indifference-to-medical-needs claim pending in the Northern District of Georgia. Doc. 25 at 1-2. He has also asserted he was denied an extension of discovery because he did not timely receive an order by the judge in that case. *Id.* at 2-3. Price asserts that he now has to prosecute that case without medical records that he needs to show deliberate indifference. *Id.* at 3. Though the defendants in that case have moved for summary judgment, their motion has not been ruled on. See *Price v. Thomas*, 4:15-cv-00232-HLM-WEJ (N.D. Ga.), ECF Docs. 36 (defendants' motion for summary judgment), 42 (Price's response). The Court does not opine on whether this is sufficient to show actual injury.

3    Price sues the Prison Officials in their individual and official capacities. Doc. 11 at 13. Price seeks injunctive relief as well as damages. Doc. 11 at 19. To the extent that Price is claiming damages against the Prison Officials in their official capacities, such claims are barred by the Eleventh Amendment and sovereign immunity. Construing Price's pro se pleadings liberally, the Court construes his damages claims as being against the Prison Officials solely in their individual capacities.